UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GERALD R. GOLDSTEIN,   Case #: 3:24-cv-00409
    *Plaintiff,*
-vs.-

DELTA AIR LINES, INC.
    *Defendant.*
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Gerald R. Goldstein, sues Defendant Delta Air Lines, Inc., (hereinafter, "Delta"), and alleges as follows:

### *Jurisdictional Allegations*

1. This is an action for personal injury damages arising out of an Accident aboard a June 28, 2023 international air flight from Pensacola International Airport in the United States to its final destination of Leonardo da Vinci Rome Fiumicino Airport in Rome, Italy. (hereinafter, "The Flight.").

2. The Action is governed exclusively by the Convention for the Unification of Certain Rules for International Carriage by Air concluded at Montreal, Canada on May 28,1999, commonly referred to as The Montreal Convention. (hereinafter referred to as "Convention").

1

3. This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. § 1331 as the cause of action arises from a treaty of the United States.

4. The Convention applies to all international carriage of persons performed by aircraft for reward, so long as that carriage occurs between two countries that are signatories to the Convention.

5. At all material times, the United States and Italy were signatories to the Convention.

6. The Convention governs any portion of a flight for hire if it is part of an international itinerary.

7. Plaintiff maintains his permanent residence and abode in Gulf Breeze, Santa Rosa County, Florida.

8. The State of Florida has specific Personal Jurisdiction over Delta, which is an airline certificated for international flights under the authority granted it by the Federal Aviation Administration pursuant to 49 CFR §121.

9. Delta conducts the business of carriage of passengers by air from physical premises within the State of Florida. While organized as a Delaware corporation with its principal place of business in Georgia, Delta is authorized to conduct business in the State of Florida and operates daily flights to and from more than 15 Florida cities. Delta maintains physical

premises that it leases or owns in Florida that meet the meaning of Article 33 of the Convention. These include a physical office in Miami Florida and leased premises at Airports in many Florida cities, including the Pensacola International Airport where it maintains a ticket office, baggage office, break room and ticketing counter where Plaintiff's boarding passes for the Flight were issued by Delta employees.

10. Plaintiff purchased his ticket for the Flight in Florida.

11. Personal Jurisdiction over Delta is proper, fair and reasonable in this Court under the Due Process Clause of the U.S. Constitution because Delta has maintained sufficient minimum contracts within Florida that are related to The Flight and has purposely availed itself of the privilege of doing business here for decades.

12. This Court is a proper Venue for this action pursuant to Article 33(2) of the Convention because Pensacola was where The Flight's boarding passes were issued, the origin of the Flight on Plaintiff's itinerary, and Plaintiff resides in the Northern District of Florida, which includes Santa Rosa County.

### *General Allegations*

13. On June 28, 2023, Delta was a commercial air carrier engaged in the transportation of fare-paying passengers for hire on a regularly scheduled international Flight on an itinerary that included its initial departure from Pensacola Florida to Atlanta Georgia, which then connected in Atlanta for its final destination in Rome Italy.

14. Plaintiff was a ticketed, fare-paying, passenger aboard The Flight on an itinerary from Pensacola to Rome.

15. On all portions of the Flight, Delta owned, leased, operated, managed, maintained and controlled the airplane and operated beverage cart.

16. At all material times, Delta employed the Flight Attendant.

17. Plaintiff was properly restrained by his seatbelt in his assigned seat aboard the portion of The Flight from Atlanta to Rome.

18. Suddenly, and without reasonable or sufficient warning, a Flight Attendant employed by Delta on board the aircraft struck Plaintiff's right Knee with a heavy metal beverage cart as she pushed it through the aisle, severely injuring Plaintiff.

19. The incident meets the qualifications of an "Accident" under the Convention as it was an unexpected or unusual event external to the Plaintiff that was caused solely by the airline's employee.

## COUNT I
### *Strict liability under The Montreal Convention*

Plaintiff re-alleges, and incorporates by reference, the allegations set forth above in paragraphs one (1) through eighteen (18) above, and alleges further:

20. As a common carrier, Delta was obligated to provide the highest degree of care to its passengers.

21. Through no fault of his own, Plaintiff sustained injuries in an Accident during The Flight and while aboard Delta's airplane.

22. Delta's liability for the Accident is exclusively governed by the Convention, and specifically under Articles 17, 21 and 24.[1]

23. Under Article 17, Delta is liable for damage sustained in case of a passenger's bodily injury upon condition only that the Accident took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

---

[1] *Abba v. British Airways PLC*, 2019 U.S. Dist. LEXIS 50122 (E.D. Il 2019).

24. As a direct and proximate result of the Accident, Plaintiff has suffered physical bodily injuries and the aggravation of previously existing conditions, causing a disability, reduced range-of-motion, pain and suffering, and the necessary expense of related medical and nursing care, treatment, pain management injections and procedures and physical therapy since the date of the Accident and he will continue to experience those in the future. Plaintiff has also suffered with psychological and emotional damages traceable to the accident and/or flowing from those physical injuries since the Accident and he will continue to suffer those damages in the future. These include pain, suffering, mental anguish, inconvenience, embarrassment, and the loss of capacity for the enjoyment of life.

25. Under Article 21 and its current inflation adjustments, Delta is strictly liable for Plaintiff's compensatory damages for up to a value of 128,821 Special Drawing Rights (SDR), or roughly $173,396.34 in USD.

26. Under Article 21, Delta is also liable for all of Plaintiffs' compensatory damages, regardless of the amount, unless it meets its burden to prove that a) such damage was not due to the negligence or other wrongful act or omission of Delta or its employees, or b) such damage was solely due to the negligence or other wrongful act or omission of a third party.

27. Delta cannot prove any of these aforementioned exceptions and, as such, it is strictly liable to the full extent of Plaintiff's compensable damages, which exceed 128,821 SDRs.

28. Delta is therefore liable to Plaintiff for the past and future compensatory damages listed in paragraph 24 above, and any other damages to which the Plaintiff may be entitled under applicable law.

WHEREFORE, Plaintiff demands Judgment for damages and costs of this Action against Defendant Delta Air Lines, Inc.

## JURY DEMAND

Plaintiff demands a trial by Jury on all issues triable.

**NEWMAN LEGAL GROUP, P.A.**

/s/   Barry Newman
Barry E. Newman, Esq.
Board Certified Aviation Attorney
Florida Bar No. 246300
4004 Atlantic Boulevard
Jacksonville, FL 32207
(904) 355-6000 Office
(904) 545-7909 Mobile
barry@legaljax.com Primary email
shanna@legaljax.com Secondary