UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GERALD R. GOLDSTEIN,

    Plaintiff,

v.                                       Case No.: 3:24-cv-00409-TKW-ZCB

DELTA AIR LINES, INC.

    Defendant.
_____

**DELTA AIR LINES' ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT AND JURY DEMAND**

COMES NOW, Defendant, DELTA AIR LINES, INC., (hereinafter "Delta"), by and through undersigned counsel, and responds to the *Complaint and Jury Demand* [dated 02/02/2024] filed by Plaintiff, GERALD R. GOLDSTEIN, and states:

**Jurisdictional Allegations**

1. Admitted solely for jurisdictional purposes, otherwise denied.

2. Admitted solely for jurisdictional purposes, otherwise denied.

3. Admitted.

4. Admitted solely for jurisdictional purposes, otherwise denied.

5. Admitted.

6. Admitted.

7. Without knowledge; therefore denied.

8. Admitted solely for jurisdictional purposes.

9. Admitted solely for jurisdictional purposes, otherwise denied.

10. Without knowledge; therefore denied.

11. Admitted solely for jurisdictional purposes.

12. Admitted that venue is proper for jurisdictional purposes; otherwise denied.

## General Allegations

13. Admitted solely for jurisdictional purposes, otherwise denied.

14. Admitted solely for jurisdictional purposes, otherwise denied.

15. Admitted.

16. Admitted.

17. Without knowledge; therefore denied.

18. Denied.

19. Denied.

## COUNT I
### Strict Liability Under The Montreal Convention

As to the non-designated introductory paragraph in Count I, Defendant Delta would reaffirm and reaver those allegations set forth pertaining to paragraphs 1-19.

20. Denied.

21. Denied.

22. Admitted only that if any liability is found, the accident would be governed by The Montreal Convention and its terms and conditions, otherwise denied.

23. Admitted only that if any liability is found, the accident would be governed by The Montreal Convention and its terms and conditions, otherwise denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

### Affirmative Defenses

#### First Affirmative Defense

Plaintiff's injuries, if any, were caused by Plaintiff's own actions and not the actions of Defendant Delta; therefore, the causal connection does not exist nor is there is an accident within the meaning of The Montreal Convention or otherwise for which Defendant Delta is liable.

#### Second Affirmative Defense

Plaintiff's damages, if any, were not caused by any accident occurring on or during any portion of the flight but were in fact due to preexisting

conditions unrelated to any accident and for which Defendant Delta is not responsible.

### Third Affirmative Defense

Plaintiff's injuries and damages were caused or may have been exacerbated by the actions of third parties.

### Fourth Affirmative Defense

Plaintiff's injuries and damages were caused or exacerbated by Plaintiff's failure to mitigate injury and damage.

Respectfully submitted,

*/s/ Michael J. Schofield*
**MICHAEL J. SCHOFIELD**
**Florida Bar No. 373656**
CLARK PARTINGTON
125 East Intendencia Street
Pensacola, Florida 32502
(850) 434-9200
(850) 432-7340 facsimile
P/E: mschofield@clarkpartington.com
S/E: dmyrick@clarkpartington.com
S/E: ttorrez@clarkpartington.com
*Attorney for Defendant, Delta Air Lines*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been forwarded to: *Attorney for Plaintiff,* Barry E. Newman, Esq., Newman Legal Group, 4004 Atlantic Blvd., Jacksonville, Florida 32207; barry@legaljax.com; shanna@legaljax.com, by electronic mail via CM/ECF on this 11th day of October, 2024.

*/s/ Michael J. Schofield*
MICHAEL J. SCHOFIELD